■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DAVID REYES, Appellant.—Judgment, Supreme Court, New York County, rendered November 19, 1976, convicting defendant of manslaughter in the first degree and sentencing him to an indeterminate term with a maximum of 15 years, unanimously reversed, on the law and as a matter of discretion in the interest of justice, and the case remanded for a new trial. The defendant was convicted of manslaughter in the first degree in connection with the death of his father-in-law. The evidence satisfactorily established that the deceased died as a result of two bullet wounds concededly inflicted by the defendant. During the trial, in which the defendant was charged with murder, the principal defense presented was one of justification. (Penal Law, § 35.15.) The defendant claimed in his statement to an Assistant District Attorney that he shot the deceased because he was fearful that the deceased was about to stab him. In an effort to refute this defense, witnesses were

called by the District Attorney who testified to statements by the defendant to them that were at variance in whole or in part with the claim of self-defense. Reversal is here sought on the ground that the Trial Judge failed to instruct the jury that it was the District Attorney's burden to disprove the defense of justification beyond a reasonable doubt. (Penal Law, § 25.00, subd 1.) No objection to this omission was made by defense counsel and the District Attorney accordingly urges that the issue is not preserved for our consideration (CPL 470.05), and that the circumstances make it inappropriate to reach the question in the interest of justice. (CPL § 470.15, subd 6, par [e].) Specifically, it is contended that the trial court's general charge with regard to burden of proof and the obligation of the prosecutor to prove guilt beyond a reasonable doubt was so clear and forceful that the jury could not possibly have been in any doubt with regard to where the burden lay as to the defense of justification. Unfortunately, an examination of the charge clearly indicates that there was here a substantial possibility that the jury could well have misunderstood this very point. Ironically, this potential for confusion in part derives from the very completeness and force of the trial court's charge with regard to the burden of proof as to the elements of cause and intent, and the striking contrast presented by the omission to so charge with regard to the defense of justification. The court's general charge with regard to the defendant's basic rights was exemplary. In forceful and lucid language he made it unmistakably clear that "the burden of proof remains upon the prosecution throughout the trial and never shifts to the defendant. No defendant is required to prove his innocence and each element of any crime submitted to you as I will define the elements, must be proved beyond a reasonable doubt." Turning to the specific charge of murder, the court defined the crime as containing two essential elements: "One, causing death. Two, with intent to cause the death." Analyzing these two elements separately, the court stated as to each of them, not once but several times, that it was the District Attorney's duty to establish each element beyond a reasonable doubt. Finally, he concluded this aspect of the charge as follows: "To summarize, the People must prove, beyond a reasonable doubt, both that the defendant shot the deceased, causing his death, and that he intended to cause his death in order to warrant your finding the defendant guilty of murder in the second degree." Moving on to the question of justification, the court gave a charge that was in every respect admirable except for the fact that he failed at any point to indicate that the burden of proof on that issue as well rested upon the District Attorney. The clarity, force and emphasis of his instructions to the jury with regard to the burden of proof as to cause and intent, followed by the total absence of any comparable comment with regard to justification, is striking. Undoubtedly an inadvertence, which would have been promptly corrected if called to the court's attention by defense counsel, the potential for misunderstanding by the jury on that question is unmistakable. The problem is further aggravated by the circumstance that a complete and clear presentation of the complex provisions of section 35.15 of the Penal Law unavoidably requires the use of language that implies, unless some specific corrective instruction is given, some kind of burden on the part of the defendant. Inevitably this part of the charge repeatedly referred to varying circumstances under which the defendant would or would not have been justified in acting in a certain way. The following is illustrative of the problem presented and points up the particular need to be specific as to burden of proof with regard to this defense: "Deadly physical force is justified in defense of one's self or another person only when it is reasonably believed that the menacing

person is using or about to use deadly physical force. It should be noted that it need not be proved that such deadly physical force was actually used or about to be used". The court's charge with regard to the crime of manslaughter followed the above pattern in its emphasis on the duty of the District Attorney to prove beyond a reasonable doubt that the defendant caused the death of the deceased intending to cause serious physical injury. On this count, however, he quite understandably did not repeat the justification charge but alluded to what he had said previously. Self-defense was the central issue presented to the jury in this case. The failure to charge with regard to the District Attorney's burden of proof on that question as we have seen, had here an unusual capacity to mislead the jury on what was in fact the main issue before it. Although the omission was clearly inadvertent and the court's charge in every other respect was admirable in its clarity, force and sensitivity to the rights of the defendant, the circumstances which we have described here require us in the interest of justice to reverse the conviction and remand for a new trial. Concur—Kupferman, J. P., Fein, Lane, Sandler and Sullivan, JJ.